**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSIE SILVA,

      Plaintiff,

v.                                     No. CV 07–1238 LH/LCS

SOCIAL SECURITY ADMINISTRATION,

      Defendant.

**<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

**THIS MATTER** coming before the Court upon Defendant's Motion to Dismiss.  (Doc. 11) The United States Magistrate Judge, having considered the motion, the briefs, the record, the relevant law, and being otherwise fully advised, recommends that Defendant's Motion to Dismiss be **GRANTED**.

**I.      BACKGROUND**

On July 20, 2004, Plaintiff filed an application for a period of disability and disability insurance benefits under Titles II and XVI of the Social Security Act.  (*See* Docs. 1, 11.)  Her application was denied on February 22, 2007.  (Doc. 11, Ex. 1.)  Thereafter, she requested review of that decision.  (Doc. 11.)  By letter dated August 22, 2007, the Appeals Council notified Plaintiff that her request for review was denied.  (Doc. 11, Ex. 2.)  The letter specified that Plaintiff that had sixty days from its receipt to file a civil action, and that receipt would be presumed five days after the stamped date.  (*Id.*)

Plaintiff failed to timely file a civil action within this period.  (Doc. 11.)  Upon receiving notice of the Appeals Council's denial, Plaintiff contacted her original counsel, who told her that

he would have to evaluate the case before filing another appeal.  (Doc. 12 at 2, Ex. A at 5.)  In a letter dated September 18, 2007 that Plaintiff did not receive until early October, Plaintiff's former counsel informed her that he would not assist in pursuing judicial review of her disability claim.  (Doc. 12 at 2; Doc. 12, Ex. C.)  Thereafter, Plaintiff searched for new counsel but was unable to find someone willing to take her case until November 7, 2007.  (Doc. 12 at 2.)

With the help of her new counsel, Plaintiff filed with the Appeals Council a request for extension of time on November 12, 2008.  (*Id*.)  In support of this request, Plaintiff asserted that she was unable to retain counsel before the sixty day period expired, and that she was unable to go forward with her claim without the help of an attorney because chronic pain and major depression affected her ability to concentrate and attend to matters.  (Doc. 12, Ex. A at 3-5.)  On December 3, 2007, the Appeals Council issued a decision declining Plaintiff's request for additional time.  (Doc. 12, Ex. E.)  In this decision, the Appeals Council indicated that it had considered the facts of the case but found no reason to extend the time to file a civil action under its rules.  (*Id*.)

Plaintiff commenced this action on December 7, 2007.  (Doc. 1.)  On March 19, 2008, Defendant moved to dismiss the case because it was filed more than sixty days after receipt of the Appeals Council's decision.  (Doc. 11.)  Plaintiff asserts that: (a) the principle of equitable tolling allows her to go forward with this case, and (b) even if it does not, the Appeals Council's failure to consider Plaintiff's mental and physical conditions as good cause denied her the right to due process.  (Doc. 12.)  While I prefer for a case to reach the merits if at all possible, in this instance neither of Plaintiffs' arguments are persuasive.

II.     ANALYSIS

A.     Equitable Tolling

Title 42, Section 405(g) of the United States Code provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow."  Social Security regulations provide that the Commissioner may extend the time for filing suit if the claimant demonstrates "good cause" for the delay to the Appeals Council in writing.  20 C.F.R § 404.982; 20 C.F.R § 416.1482.  The standards that the Commissioner uses to determine whether good cause exists are set out in 20 C.F.R. § 404.911 and 20 C.F.R § 416.1482.

The filing requirement of 42 U.S.C. § 405(g) is not jurisdictional, however, but rather constitutes a statute of limitations subject to the principle of equitable tolling.  *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).  While in most cases the Commissioner will make the determination whether it is proper to extend the period within which review must be sought, that decision may be overruled if "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'"  *Id*. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).  Equitable tolling is clearly appropriate if the government has hindered a claimant's attempt to exercise his or her rights by acting in a misleading or a clandestine manner.  *See Bowen*, 476 U.S. at 480-81.  Equitable tolling may also be appropriate if a mental impairment has prevented the claimant from seeking judicial review in a timely manner.  *See, e.g., Canales v. Sullivan*, 936 F.2d 755, 759 (2nd Cir. 1991); *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990); *Lindsey v. Chater*, 1996 U.S. Dist. LEXIS 13054, at *4 (D. KS.

1996); *Gonzalez v. Apfel*, 99CV1279 JC/RLP at 9-11 (D. N.M. 2006).

In the present case, Plaintiff asserts that her failure to file a civil suit within the sixty day period was due in part to a mental impairment.  (Doc. 12, Ex. A at 5.)  Specifically, Plaintiff claims that "chronic pain as a result of Fibromyalgia and back problems as well as major depression" prevented her from going forward with her claim without the help of an attorney, and that she was unable to find an attorney until after the period had passed.  (*Id.* at 2-5.) However, even assuming that these contentions are true, there is insufficient evidence that Plaintiff's mental impairment rose to the level necessary to allow equitable tolling in this situation.

While the Tenth Circuit has not considered whether mental impairment equitably tolls the limitations period for filing claims under 42 U.S.C. § 405(g), it has considered whether it equitably tolls the limitations period for filing harassment claims under Title VII, 42 U.S.C. § 2000e-5(f)(1).  In *Beister v. Midwest Health Services, Inc.*, 77 F.3d 1264 (10th Cir. 1996), the court refused to apply equitable tolling when a claimant who suffered from major depression failed to timely file suit in part because there was no claim that the claimant had been adjudged incompetent or institutionalized.  As the court explained, "equitable tolling for mental incapacity should be limited to 'the objective standard of adjudication or institutionalization . . . [to] protect[] defendants against specious allegations of mental incompetence advanced in desperate efforts to save time-barred claims.'"  *Id*. at 1268 (quoting *Bassett v. Sterling Drug, Inc.*, 578 F. Supp. 1244, 1247 (S.D. Ohio 1984)).

Here, nothing in the record suggests that Plaintiff's mental impairment resulted in an adjudication of incapacity or institutionalization.  While the ALJ did find that Plaintiff had been

diagnosed with impairments that are "severe" within the meaning of the Social Security Act ("SSA"), this finding was based on a much lower threshhold.  (S*ee* Doc. 11, Ex. 1 at 6.)  Under step two of the evaluation process established under the SSA, an impairment is "severe" if it significantly limits the individual's ability to perform basic work activities.  (*Id*. at 4-5.)  Thus, even if Plaintiff's conditions was "severe" under the SSA, it does not follow that she was "incompetent" as may be required by the Tenth Circuit.  *See Beister*, 77 F.3d at 1268.  Moreover, another of the ALJ's findings, that Plaintiff "is moderately limited in her ability to maintain concentration, persistence and pace . . . [and] demonstrates no limitations in the ability to maintain social relationships," suggests that she in fact was not incompetent.  (Doc. 11, Ex. 1 at 8.)  Like the plaintiff in *Beister*, Ms. Silva appears to only have been hindered by her condition(s), not "so incapacitated" that she was unable to pursue her lawsuit.  *Beister*,  77 F.3d at 1268.

      **B.**    **Due Process**

      While the Appeals Council's denial of a request by a claimant that he be given additional time to file suit in federal district court is not subject to federal judicial review, an exception to this bar exists when the refusal to extend is challenged on colorable constitutional grounds.  *Dozier v. Bowen*, 891 F.2d 769, 771 (10th Cir. 1989); s*ee also Califano v. Sanders*, 430 U.S. 99, 107 (1977) ("[W]hen constitutional questions are in issue, the availability of judicial review is presumed.").  Although this exception is most often discussed in cases where the Appeals Council has denied a request to reopen a claim, it is equally applicable in situations where the Appeals Council has refused to grant an extension of time to file a civil claim.  *See, e.g., Peterson v. Califano*, 631 F.2d 628 (9th Cir. 1980) (observing that requests to reopen and

5

requests to extend are "analytically indistinguishable"); *Stone v. Heckler*, 778 F.2d 645 (11th Cir. 1986).

In this case, Plaintiff claims that the Appeals Council denied her of her right to due process by failing to consider in its denial of Plaintiff's request for extension her mental and physical impairments as required by 20 § C.F.R. 404.911.[1]  (Doc. 12 at 5-7.)  The record, however, does not support this assertion.  In its denial of Plaintiff's request, the Appeals Council noted that Plaintiff's primary explanation for her failure to timely file was that she was unable to retain representation willing to assist her.  (Doc. 12, Ex. E.)  Then, the Appeals Council stated that "[a]fter considering the facts in this case, we find no reason under our rules to extend the time to file a civil action."  (*Id.*)  Because the Appeals Council said that it had considered the facts of this case, I must assume that it took Plaintiff's mental and physical impairments into account.  *See Hackett v. Barnhart*, 395 F.3d 1168, 1172-1173 (10th Cir. 2005) ("[O]ur general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter.").  Thus, this case is distinguishable from *Schobey v. Barnhart*, 05CV744 LAM, Doc. 10 at 9, where there was "no indication in the documents presented . . . that the Commissioner . . . considered Plaintiff's alleged mental disability," and I must find that a due process violation did not occur.

---

[1] 20 § C.F.R. 404.911 states, in pertinent part, that the Appeals Council considers in determining whether a claimant has shown good cause for missing a deadline to request a review: (4) Whether the claimant had any physical, mental, educational, or linguistic limitations . . . which prevented her from filing a timely request or from understanding or knowing about the need to file a timely request  for review.

### III.    RECOMMENDATION

It is hereby recommended that Defendant's Motion to Dismiss (Doc. 11) be **GRANTED** and that this action be **DISMISSED.**   Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102. A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE